Charles M. Lizza
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
650 College Road East, Suite 4000
Princeton, NJ 08540
(973) 286-6700

*Attorneys for Plaintiffs Incyte Corporation and Incyte Holdings Corporation*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **INCYTE CORP. and INCYTE HOLDINGS CORP.,**<br><br>**Plaintiffs,**<br>**v.**<br><br>**HETERO USA, INC., HETERO LABS LIMITED UNIT-V, and HETERO LABS LIMITED,**<br><br>**Defendants.** | **Civil Action No. ________________**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**(Filed Electronically)** |

Plaintiffs Incyte Corporation and Incyte Holdings Corporation (together, "Incyte"), by their undersigned attorneys, for their Complaint against Defendants Hetero USA, Inc. ("Hetero USA"), Hetero Labs Limited Unit-V ("Hetero Unit-V"), and Hetero Labs Limited ("Hetero Labs") (collectively, "Hetero" or "Defendants"), allege as follows:

## Nature of the Action

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, in particular under 35 U.S.C. § 271, arising from Hetero's submission of Abbreviated New Drug Application ("ANDA") No. 221679 ("Hetero's ANDA") to the United States Food and Drug Administration ("FDA") seeking approval to manufacture, use, import, distribute,

offer to sell, and/or sell a generic version of Incyte's Jakafi® (ruxolitinib) drug products, 5 mg, 10 mg, 15 mg, 20 mg, and 25 mg tablets, prior to the expiration of United States Patent Nos. 8,722,693 (the "'693 patent"); 8,822,481 (the "'481 patent"); 8,829,013 (the "'013 patent"); and 10,016,429 (the "'429 patent") (collectively, the "patents-in-suit"). The patents-in-suit are owned by Incyte Corporation and/or Incyte Holdings Corporation.

**The Parties**

2. Plaintiff Incyte Corporation is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 1801 Augustine Cut-Off, Wilmington, DE 19803.

3. Plaintiff Incyte Holdings Corporation is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 1801 Augustine Cut-Off, Wilmington, DE 19803.

4. On information and belief, Defendant Hetero USA is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 1035 Centennial Avenue, Piscataway, New Jersey 08854. Hetero USA is the U.S. Regulatory Agent for Hetero Unit-V, a division of Hetero Labs, including for ANDA No. 221679.

5. On information and belief, Defendant Hetero Unit-V is a corporation organized and existing under the laws of India, and maintains a principal place of business at Polepally, Jadcherla, Mahabubnagar - 509301, Andhra Pradesh, India. Hetero Unit-V is a division of Hetero Labs.

6. On information and belief, Defendant Hetero Labs is a corporation organized and existing under the laws of India, having a principal place of business at 7-2-A2, Industrial Estates, Sanath Nagar, Hyderabad - 500018, Telangana, India.

**The Patents-in-Suit**

7. On May 13, 2014, the United States Patent and Trademark Office ("USPTO") duly

and lawfully issued the ’693 patent, entitled, “Salts of the Janus kinase inhibitor (R)-3-(4-(7H-pyrrolo[2,3-d]pyrimidin-4-yl)-1H-pyrazol-1-yl)-3-cyclopentylpropanenitrile.” A copy of the ’693 patent is attached hereto as Exhibit A.

8. On September 2, 2014, the USPTO duly and lawfully issued the ’481 patent, entitled, “Salts of the Janus kinase inhibitor (R)-3-(4-(7H-pyrrolo[2,3-d]pyrimidin-4-yl)-1H- pyrazol-1-yl)-3-cyclopentylpropanenitrile.” A copy of the ’481 patent is attached hereto as Exhibit B.

9. On September 9, 2014, the USPTO duly and lawfully issued the ’013 patent, entitled, “Salts of the Janus kinase inhibitor (R)-3-(4-(7H-pyrrolo[2,3-D]pyrimidin-4-yl)-1H-pyrazol-1-yl)-3-cyclopentylpropanenitrile.” A copy of the ’013 patent is attached hereto as Exhibit C.

10. On July 10, 2018, the USPTO duly and lawfully issued the ’429 patent, entitled, “Salts of the Janus kinase inhibitor (R)-3-(4-(7H-pyrrolo[2,3-D]pyrimidin-4-yl)-1H-pyrazol-1-yl)-3-cyclopentylpropanenitrile.” A copy of the ’429 patent is attached hereto as Exhibit D.

11. Pursuant to 35 U.S.C. § 282, each of the patents-in-suit is presumed valid.

**The Jakafi® Drug Products**

12. Incyte Corporation holds an approved New Drug Application (“NDA”) under Section 505(a) of the Federal Food Drug and Cosmetic Act (“FFDCA”), 21 U.S.C. § 355(a) for Jakafi® (ruxolitinib) (NDA No. 202192).

13. Pursuant to 21 U.S.C. § 355(b)(1) and attendant FDA regulations, the patents-in-suit are listed in the FDA publication entitled “Approved Drug Products with Therapeutic Equivalence Evaluations” (the “Orange Book”), with respect to Jakafi®.

14. The FDA-approved prescribing information for Jakafi® instructs and encourages physicians, pharmacists, other healthcare workers, and patients to administer Jakafi® according to

one or more of the methods claimed in the patents-in-suit.

**Jurisdiction and Venue**

15. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

16. This Court has personal jurisdiction over Hetero Unit-V pursuant to Federal Rule of Civil Procedure 4(k)(2), including because: (a) Incyte's claims arise under federal law; (b) Hetero Unit-V is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Hetero Unit-V has sufficient contacts with the United States as a whole, including, without limitation, preparing and submitting ANDAs to the FDA and/or manufacturing, importing, offering to sell, and/or selling pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Hetero Unit-V satisfies due process.

17. This Court has personal jurisdiction over Hetero Labs pursuant to Federal Rule of Civil Procedure 4(k)(2), including because: (a) Incyte's claims arise under federal law; (b) Hetero Labs is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Hetero Labs has sufficient contacts with the United States as a whole, including, without limitation, preparing and submitting ANDAs to the FDA and/or manufacturing, importing, offering to sell, and/or selling pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Hetero Labs satisfies due process.

18. This Court has personal jurisdiction over Hetero USA because Hetero USA maintains its principal place of business and a regular and established place of business in New Jersey, conducts business in New Jersey, has systematic and continuous contacts with New Jersey, and has purposefully availed itself of the rights, benefits, and privileges of New Jersey.

19. On information and belief, Hetero purposefully has conducted, and continues to

conduct, business in this Judicial District.

20. On information and belief, Hetero is in the business of, among other things, manufacturing, marketing, importing, offering for sale, and selling pharmaceutical products, including generic drug products, throughout the United States, including in this Judicial District.

21. On information and belief, Hetero submitted ANDA No. 221679 seeking FDA approval to engage in the manufacture, use, importation, distribution, offer to sell, and/or sale of the generic drug products that are the subject of Hetero's ANDA ("Hetero's Proposed Products"), throughout the United States, including in New Jersey and in this Judicial District, prior to the expiration of the patents-in-suit.

22. On information and belief, this Judicial District is a likely destination for Hetero's Proposed Products.

23. On information and belief, Hetero intends to benefit directly if its ANDA is approved by participating in the manufacture, importation, distribution, and/or sale of Hetero's Proposed Products.

24. On information and belief, Hetero USA maintains a regular and established physical place of business at 1035 Centennial Avenue, Piscataway, New Jersey 08854.

25. On information and belief, Hetero USA is registered with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business ID No. 0400362826 and is registered with the New Jersey Department of Health as a manufacturer and wholesaler under Registration No. 5004050.

26. Hetero has purposefully availed itself of the rights, benefits, and privileges of New Jersey, including by asserting counterclaims in this Court. *See, e.g.*, *AbbVie Inc., et al. v. Hetero USA Inc., et al.,* No. 3:26-cv-00114 (D.N.J.); *Pharmacosmos A/S, et al. v. Hetero Labs Limited, et al.,* No.

2:25-cv-03945 (D.N.J.); *Aragon Pharmaceuticals, Inc., et al. v. Hetero Labs Limited Unit V, et al.,* No. 2:24-cv-06784 (D.N.J.); *Esperion Therapeutics, Inc. v. Hetero USA Inc., et al.,* No. 2:24-cv-06389 (D.N.J.); *Axsome Malta Ltd., et al. v. Alkem Laboratories Ltd., et al.,* No. 2:23-cv-20354 (D.N.J.); *Merck Sharp & Dohme LLC v. Hetero USA, Inc.,* No. 2:22-cv-06820 (D.N.J.); *Celgene Corporation v. Hetero Labs Limited, et al.*, No. 2:20-cv-14389 (D.N.J.); *Celgene Corporation v. Hetero Labs Limited, et al.,* No. 2:19-cv-15449 (D.N.J.); and *Boehringer Ingelheim Pharmaceuticals, Inc., et al. v. Hetero USA, Inc., et al.,* No. 3:17-cv-07923 (D.N.J.).

27. Hetero has further availed itself of the jurisdiction of this Judicial District by initiating litigation in this Judicial District. *See, e.g.*, *Symed Labs Limited, et al. v. Amneal Pharmaceuticals LLC, et al.,* No. 2:18-cv-13628 (D.N.J.) and *Symed Labs Limited, et al. v. Roxane Laboratories, Inc.*, No. 2:15-cv-08304 (D.N.J.).

28. For at least the foregoing reasons, venue is proper in this Judicial District for Hetero USA pursuant to 28 U.S.C. §§ 1391 and/or 1400(b).

29. For at least the foregoing reasons, venue is proper in this Judicial District for Hetero Unit-V pursuant to 28 U.S.C. §§ 1391 and/or 1400(b), including, for example, because Hetero Unit-V is a company organized and existing under the laws of India and may be sued in any judicial district.

30. For at least the foregoing reasons, venue is proper in this Judicial District for Hetero Labs pursuant to 28 U.S.C. §§ 1391 and/or 1400(b), including, for example, because Hetero Labs is a company organized and existing under the laws of India and may be sued in any judicial district.

## Acts Giving Rise To This Suit

31. Pursuant to Section 505 of the FFDCA, Hetero submitted ANDA No. 221679 seeking approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Hetero's Proposed Products, which are proposed generic versions of Incyte's approved Jakafi® products, before the patents-in-suit expire.

32. On information and belief, following FDA approval of Hetero's ANDA, Hetero will make, use, sell, or offer to sell Hetero's Proposed Products throughout the United States, and/or import such generic products into the United States.

33. On information and belief, following FDA approval of Hetero's ANDA, Hetero's Proposed Products will include prescribing information, similar to that for Jakafi®, that instructs and encourages physicians, pharmacists, other healthcare workers, and patients to administer Hetero's Proposed Products according to one or more of the methods claimed in the patents-in-suit.

34. On information and belief, in connection with the submission of ANDA No. 221679 as described above, Hetero provided written certifications to the FDA pursuant to Section 505 of the FFDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Hetero's Paragraph IV Certifications"), alleging that the claims of the patents-in-suit are invalid and/or will not be infringed by the activities described in Hetero's ANDA.

35. Hetero subsequently sent to Incyte written notice of Hetero's Paragraph IV Certifications for the patents-in-suit, alleging that the claims of those patents are invalid and/or will not be infringed by the activities described in Hetero's ANDA. Hetero's written notice to Incyte conveyed that Hetero seeks approval to market Hetero's Proposed Products before the patents-in-suit expire.

**Count I: Infringement of the '693 Patent**

36. Incyte repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

37. Hetero's submission of ANDA No. 221679, with the accompanying Paragraph IV Certification and notice to Incyte of same, to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Hetero's Proposed Products prior to the expiration of the '693 patent, constitutes infringement of one or more of the claims of that patent

under 35 U.S.C. § 271(e)(2)(A).

38. There is a justiciable controversy between the parties hereto as to the infringement of the ’693 patent.

39. Unless enjoined by this Court, upon FDA approval of Hetero’s ANDA, Hetero will infringe one or more claims of the ’693 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Hetero’s Proposed Products in the United States.

40. Unless enjoined by this Court, upon FDA approval of Hetero’s ANDA, Hetero will induce infringement of one or more claims of the ’693 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Hetero’s Proposed Products in the United States. On information and belief, upon FDA approval of Hetero’s ANDA, Hetero will intentionally encourage acts of direct infringement with knowledge of the ’693 patent and knowledge that its acts are encouraging infringement.

41. Unless enjoined by this Court, upon FDA approval of Hetero’s ANDA, Hetero will contributorily infringe one or more claims of the ’693 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Hetero’s Proposed Products in the United States. On information and belief, Hetero has had and continues to have knowledge that Hetero’s Proposed Products are especially adapted for a use that infringes one or more claims of the ’693 patent and that there is no substantial non-infringing use for Hetero’s Proposed Products.

42. Incyte will be substantially and irreparably damaged and harmed if Hetero’s infringement of the ’693 patent is not enjoined.

43. Incyte does not have an adequate remedy at law.

44. This case is an exceptional one, and Incyte is entitled to an award of its reasonable attorneys’ fees under 35 U.S.C. § 285.

**Count II: Infringement of the ’481 Patent**

45. Incyte repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

46. Hetero's submission of ANDA No. 221679, with the accompanying Paragraph IV Certification and notice to Incyte of same, to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Hetero's Proposed Products prior to the expiration of the '481 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

47. There is a justiciable controversy between the parties hereto as to the infringement of the '481 patent.

48. Unless enjoined by this Court, upon FDA approval of Hetero's ANDA, Hetero will infringe one or more claims of the '481 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Hetero's Proposed Products in the United States.

49. Unless enjoined by this Court, upon FDA approval of Hetero's ANDA, Hetero will induce infringement of one or more claims of the '481 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Hetero's Proposed Products in the United States. On information and belief, upon FDA approval of Hetero's ANDA, Hetero will intentionally encourage acts of direct infringement with knowledge of the '481 patent and knowledge that its acts are encouraging infringement.

50. Unless enjoined by this Court, upon FDA approval of Hetero's ANDA, Hetero will contributorily infringe one or more claims of the '481 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Hetero's Proposed Products in the United States. On information and belief, Hetero has had and continues to have knowledge that Hetero's Proposed Products are especially adapted for a use that infringes one or more claims of the '481 patent and that there is no substantial non-infringing use for Hetero's Proposed Products.

51. Incyte will be substantially and irreparably damaged and harmed if Hetero's infringement of the '481 patent is not enjoined.

52. Incyte does not have an adequate remedy at law.

53. This case is an exceptional one, and Incyte is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**Count III: Infringement of the '013 Patent**

54. Incyte repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

55. Hetero's submission of ANDA No. 221679, with the accompanying Paragraph IV Certification and notice to Incyte of same, to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Hetero's Proposed Products prior to the expiration of the '013 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

56. There is a justiciable controversy between the parties hereto as to the infringement of the '013 patent.

57. Unless enjoined by this Court, upon FDA approval of Hetero's ANDA, Hetero will infringe one or more claims of the '013 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Hetero's Proposed Products in the United States.

58. Unless enjoined by this Court, upon FDA approval of Hetero's ANDA, Hetero will induce infringement of one or more claims of the '013 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Hetero's Proposed Products in the United States. On information and belief, upon FDA approval of Hetero's ANDA, Hetero will intentionally encourage acts of direct infringement with knowledge of the '013 patent and knowledge that its acts are encouraging infringement.

59. Unless enjoined by this Court, upon FDA approval of Hetero's ANDA, Hetero will contributorily infringe one or more claims of the '013 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Hetero's Proposed Products in the United States. On information and belief, Hetero has had and continues to have knowledge that Hetero's Proposed Products are especially adapted for a use that infringes one or more claims of the '013 patent and that there is no substantial non-infringing use for Hetero's Proposed Products.

60. Incyte will be substantially and irreparably damaged and harmed if Hetero's infringement of the '013 patent is not enjoined.

61. Incyte does not have an adequate remedy at law.

62. This case is an exceptional one, and Incyte is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**Count IV: Infringement of the '429 Patent**

63. Incyte repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

64. Hetero's submission of ANDA No. 221679, with the accompanying Paragraph IV Certification and notice to Incyte of same, to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Hetero's Proposed Products prior to the expiration of the '429 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

65. There is a justiciable controversy between the parties hereto as to the infringement of the '429 patent.

66. Unless enjoined by this Court, upon FDA approval of Hetero's ANDA, Hetero will infringe one or more claims of the '429 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Hetero's Proposed Products in the United States.

67. Unless enjoined by this Court, upon FDA approval of Hetero's ANDA, Hetero will induce infringement of one or more claims of the '429 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Hetero's Proposed Products in the United States. On information and belief, upon FDA approval of Hetero's ANDA, Hetero will intentionally encourage acts of direct infringement with knowledge of the '429 patent and knowledge that its acts are encouraging infringement.

68. Unless enjoined by this Court, upon FDA approval of Hetero's ANDA, Hetero will contributorily infringe one or more claims of the '429 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Hetero's Proposed Products in the United States. On information and belief, Hetero has had and continues to have knowledge that Hetero's Proposed Products are especially adapted for a use that infringes one or more claims of the '429 patent and that there is no substantial non-infringing use for Hetero's Proposed Products.

69. Incyte will be substantially and irreparably damaged and harmed if Hetero's infringement of the '429 patent is not enjoined.

70. Incyte does not have an adequate remedy at law.

71. This case is an exceptional one, and Incyte is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Incyte respectfully requests the following relief:

(A) A Judgment that Hetero has infringed the patents-in-suit by submitting ANDA No. 221679 with the accompanying Paragraph IV Certifications and notice to Incyte of same;

(B) A Judgment that Hetero has infringed, and that Hetero's making, using, selling, offering to sell, and/or importing Hetero's Proposed Products will infringe, one or more claims of the patents-in-suit;

(C) An Order that, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of FDA approval of ANDA No. 221679 be a date that is not earlier than the later of the expiration of the patents-in-suit, or any later expiration of exclusivity to which Incyte is or becomes entitled;

(D) Preliminary and permanent injunctions enjoining Hetero and its officers, agents, attorneys, and employees, and those acting in privity and/or concert with them, from making, using, offering to sell, selling, and/or importing Hetero's Proposed Products until after the expiration of the patents-in-suit, or any later expiration of exclusivity to which Incyte is or becomes entitled;

(E) A permanent injunction, pursuant to 35 U.S.C. § 271(e)(4)(B), restraining and enjoining Hetero, its officers, agents, attorneys, and employees, and those acting in privity and/or concert with them, from practicing any of the subject matter claimed in the patents-in-suit, or from actively inducing or contributing to the infringement of any claim of the patents-in-suit, until after the expiration of the patents-in-suit, or any later expiration of exclusivity to which Incyte is or becomes entitled;

(F) A Judgment that the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Hetero's Proposed Products will directly infringe, induce infringement of, and/or contribute to infringement of the patents-in-suit;

(G) To the extent that Hetero, its officers, agents, attorneys, and/or employees, or those acting in privity and/or concert with them, has committed any acts with respect to the subject matter claimed in the patents-in-suit, other than those acts expressly exempted by 35 U.S.C. § 271(e)(1), a Judgment awarding Incyte damages for such acts;

(H) If Hetero, its officers, agents, attorneys, and/or employees, or those acting in privity and/or concert with them, engages in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Hetero's Proposed Products prior to the expiration of the patents-in-suit, a Judgment awarding damages and any other monetary relief permitted by law to Incyte

resulting from such infringement, together with interest;

(I) A Judgment declaring that the patents-in-suit remain valid and enforceable;

(J) A Judgment that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Incyte its attorneys' fees incurred in this action;

(K) A Judgment awarding Incyte its costs and expenses incurred in this action; and

(L) Such further and other relief as this Court may deem just and proper.

Dated: October 21, 2026

By: s/ Charles M. Lizza
Charles M. Lizza
Sarah A. Sullivan
Alexander L. Callo
**SAUL EWING LLP**
650 College Road East, Suite 4000
Princeton, NJ 08540
Telephone: (973) 286-6700
Email: *clizza@saul.com; sarah.sullivan@saul.com; alexander.callo@saul.com*

OF COUNSEL:
Douglas E. McCann
Robert M. Oakes
Gregory Booker
Grayson Sundermeir
**FISH & RICHARDSON P.C.**
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19899
Telephone: (302) 652-5070
Email: *dmccann@fr.com; oakes@fr.com; booker@fr.com; sundermeir@fr.com*

Corrin N. Drakulich
Christina Brown-Marshall
**FISH & RICHARDSON P.C.**
1180 Peachtree St., NE
21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005
Email: *drakulich@fr.com; brown-marshall@fr.com*

Deanna Reichel
**FISH & RICHARDSON P.C.**
60 South 6th Street, Suite 3200
Minneapolis, MN 55402
Telephone: (612) 335-5070
Email: *reichel@fr.com*

Caitlin M. Dean
**FISH & RICHARDSON P.C.**
7 Times Square, 20th Floor

New York, NY 10036
Telephone: (212) 765-5070
Email: *cdean@fr.com*

*Attorneys for Plaintiffs Incyte Corporation and Incyte Holdings Corporation*

**CERTIFICATION PURSUANT TO L. CIV. R. 11.2 & 40.1**

Pursuant to Local Civil Rules 11.2 and 40.1, I hereby certify, to the best of my knowledge, that this matter is related to *Incyte Corp., et al. v. Apotex Inc.*, No. 24-4366 (CPO)(MJS) (D.N.J.) (consolidated), *Incyte Corp., et al. v. Hikma Pharms. USA Inc.*, No. 25-1859 (CPO)(MJS) (D.N.J.), *Incyte Corp., et al. v. Sun Pharmaceutical Industries, Inc., et al.*, No. 25-13225 (CPO)(MJS) (D.N.J.), *Incyte Corp., et al. v. Granules India Ltd.*, No. 25-13227 (CPO)(MJS) (D.N.J.), *Incyte Corp., et al. v. Eugia Pharma Specialities Limited, et al.*, No. 25-17833 (CPO)(MJS), *Incyte Corp., et al. v. Dr. Reddy's Laboratories, Inc., et al.*, No. 25-17832 (CPO)(MJS), *Incyte Corp., et al. v. Alkem Laboratories Ltd., et al.*, No. 26-2338 (CPO)(MJS), *Incyte Corp., et al. v. Alembic Pharmaceuticals Limited, et al.*, No. 26-7841 (CPO)(MJS), and *Incyte Corp., et al. v. MSN Pharmaceuticals Inc., et al.*, No. 26-7949 (CPO)(MJS), because each of the foregoing cases involves or involved the same Plaintiffs and overlapping patents-in-suit, and because Defendants are seeking FDA approval to sell a generic version of the same drug product.

I further certify, to the best of my knowledge, that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: October 21, 2026

By: s/ Charles M. Lizza

Charles M. Lizza
Sarah A. Sullivan
Alexander L. Callo
**SAUL EWING LLP**
650 College Road East, Suite 4000
Princeton, NJ 08540
Telephone: (973) 286-6700
Email: *clizza@saul.com; sarah.Sullivan@saul.com; alexander.callo@saul.com*

*Attorneys for Plaintiffs Incyte Corporation and Incyte Holdings Corporation*